## Commonwealth v. Warner

*Charles C. Brown, Jr.,* for Commonwealth.

*Thomas E. Sterling,* for defendant.

CAMPBELL, P. J., January 14, 1971.—Defendant was indicted on a charge of public indecency: The Penal Code of June 24, 1939, P. L. 872, 18 PS §4519. The testimony at a nonjury trial disclosed the following facts.

At a residential street intersection beneath a street light, under the influence of the moon, defendant took off all of his clothing. Without a stitch, he proceeded to a nearby dwelling, stood close to a picture window, put his thumbs in his ears and flicked his hands to the dismay of the occupant. A block or so further he entered the living room of a home and, in the presence of three ladies, asked to use the telephone. When ushered out, he proceeded a few blocks and appeared in a public pizza parlor where he endeavored to use the telephone. His activities prompted an abundance of telephone calls to the police. Police cruisers converged to form a road block. Defendant was apprehended in a motor vehicle driven by a male student accompanied by a female.

Defendant filed a motion in arrest of judgment. The defense contends that defendant's conduct does not constitute public indecency on the theory that a naked male body is not immoral and that there was no evidence indicating that defendant lewdly manipulated his genitals or imitated or suggested any sex act, and that there was nothing done which would tend to debauch the morals of the public.

The statute, 18 PS §4519, reads as follows:

"Whoever commits open lewdness, or any notorious act of public indecency, tending to debauch the morals or manners of the people, is guilty of a misdemeanor . . ."

The activities of defendant were certainly open and notorious.

We do not intend to indulge in double talk on the overlapping dictionary meanings of lewdness or indecency except to say that to the writer they mean something that is offensive to present-day standards of common propriety, modesty or delicacy. In other words, unbecoming, improper or shocking, by reason of the time and place of its occurrence.

Biblical scholars advise us that there is a time to sow and a time to reap. Defendant's activities might go unprosecuted in a nudist colony or on a South Seas island where he was the only inhabitant. On the other hand, we feel justified to refuse to allow the same in modern public urban society. In our opinion, defendant's activities come within the provisions of the statute even though defendant did not manipulate his genitals or suggest a sex act. It certainly tended to debauch the manners if not the morals of the community.

Defendant's motion in arrest of judgment is refused and the verdict and sentence of this court is affirmed.